IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | 3:11-CR-00026-BR |
| Plaintiff, | |
| | OPINION AND ORDER |
| v. | |
| **TOMMY LEE VASQUEZ,** | |
| Defendant. | |

**S. AMANDA MARSHALL**
United States Attorney
**RYAN W. BOUNDS**
**JOHNATHAN S. HAUB**
Assistant United States Attorney
1000 S.W. Third Ave., Ste 600
Portland, OR 97204
(503) 727-1000

    Attorneys for Plaintiff

1 - OPINION AND ORDER

**STEVEN T. WAX**
Federal Public Defender
**C. RENEE MANES**
Assistant Federal Defender
101 S.W. Main Street
Suite 1700
Portland, OR  97201
(503) 326-2123

		Attorneys for Defendant

**BROWN, Judge.**

This matter comes before the Court on that portion of the government's Motions (#28) in Limine related to whether conclusions or "statements" of representatives of the Bureau of Prisons (BOP) with respect to its investigation of Defendant Tommy Lee Vasquez for assault in violation of BOP regulations are admissions of a party opponent and, if so, may be admitted into evidence at trial to the extent they are relevant.[1]

For the reasons that follow, the Court **GRANTS** the government's Motions in Limine to the extent the government seeks an order excluding the BOP disciplinary records and other internal administrative documents that reflect the characterizations made and conclusions drawn by BOP personnel in charging Defendant and Theodore Vickers with Fighting With Another Person in violation of BOP regulations on the ground that they are not admissions of a party opponent.

---

[1] The Court ruled on the remaining issues raised in these Motions as stated on the record during oral argument on December 2, 2011.

2 - OPINION AND ORDER

## BACKGROUND

The events giving rise to this prosecution occurred after Defendant was sentenced by the United States District Court for the District of Montana to a prison term for drug distribution while he was serving time at the Federal Correctional Institution in Sheridan, Oregon.

In particular, on November 21, 2010, approximately three weeks after Defendant arrived at Sheridan, Defendant and another inmate, Theodore Vickers, engaged in a verbal altercation regarding the subject of "burpees" (a style of exercise) after which they were involved in a physical altercation in the television room lasting approximately one minute.

After the physical altercation ended, BOP Corrections Officers J. Jensrud and M. Michaelson found Vickers shirtless and bleeding on the television-room floor. Vickers was taken to the FCI Sheridan medical office and then transported to a local hospital and finally to Legacy Emmanuel Hospital in Portland where he underwent emergency surgery. Defendant was taken to the Secure Housing Unit (SHU).

On January 7, 2011, Defendant and Vickers appeared before BOP Disciplinary Hearing Officer (DHO) D. Cortez in separate hearings. DHO Cortez found both Defendant and Vickers guilty of Fighting With Another Person in violation of BOP regulations.

On January 20, 2011, a grand jury charged Defendant with one

3 - OPINION AND ORDER

count of Assault Resulting in Serious Bodily Injury in violation of 18 U.S.C. § 113(a)(6).

On November 16, 2011, the government filed Motions in Limine in which it discusses, *inter alia*, Defendant's proposed defenses of self-defense and duress.

On December 2, 2011, the Court held oral argument on the government's Motions in Limine and took under advisement whether BOP disciplinary records and other internal administrative documents that reflect the characterizations made and conclusions drawn by BOP personnel in charging Defendant and Theodore Vickers with Fighting With Another Person were admissible in this matter as admissions of the party opponent under Federal Rule of Evidence 801(d)(2)(D).

## DISCUSSION

I.  **Rule 801**

The Federal Rules of Evidence define hearsay as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."  Fed. R. Evid. 801(c).  The Rules also define certain things not to be hearsay including an admission by a party opponent.  Fed. R. Evid. 801(d)(2).  Admissions by a party opponent include "a statement made by the party's agent or servant concerning a matter within the scope of the agency or

4 - OPINION AND ORDER

employment, made during the existence of the relationship."  Fed. R. Evid. 801(d)(2)(D).

## II.  Analysis

As noted, in its Motions in Limine the government seeks an order excluding BOP disciplinary records and other internal administrative documents that reflect the characterizations made and conclusions drawn by BOP personnel in charging Defendant and Vickers with Fighting With Another Person in violation of BOP regulations.

Defendant contends these materials are admissible as admissions of a party opponent because the BOP is an agency of the federal government and, according to Defendant, the BOP's findings and conclusions may be attributed to the United States in this matter that it is prosecuting.

Defendant relies on *United States v. Van Griffin*, 874 F.2d 634 (9th Cir. 1989), to support his contention.  *Van Griffin*, however, is distinguishable.  In *Van Griffin* the defendant was arrested and charged with careless driving and driving under the influence in a federal park.  After Park Ranger Oltrogge observed the defendant driving in reverse for approximately one-half mile with his trunk lid up obscuring his view and detected an odor of alcohol on the defendant's breath, Ranger Oltrogge administered various field sobriety tests including a test for nystagmus. According to Oltrogge, the defendant failed to properly recite

5 - OPINION AND ORDER

the alphabet, failed to properly count backwards from 100, and failed to properly count his fingers.  874 F.2d at 635-36.  At trial defense counsel questioned Ranger Oltrogge about the proper procedure for conducting the test for nystagmus contained in a publication of the National Highways Traffic Safety Administration.  Ranger Oltrogge testified he was not aware of the publication.  The defendant then sought to admit the publication into evidence to impeach Ranger Oltrogge, but the trial court denied the defendant's motion to admit the publication.  *Id*. at 636.  The Ninth Circuit held the pamphlet was not admissible for impeachment purposes, but concluded it "could have been introduced by the defendant as part of his defense in order to show the measures that are necessary to be taken in order to have a reliable test for nystagmus."  *Id*.  The Ninth Circuit, however, noted:

> We do not say that every publication of every branch of government of the United States can be treated as a party admission by the United States under Fed.R.Evid. 801(d)(2)(D).  In this case the government department charged with the development of rules for highway safety was the relevant and competent section of the government; its pamphlet on sobriety testing was an admissible party admission.

*Id*. at 638.

Here Defendant has not shown the BOP is the relevant or competent section of the government charged with the development of legislation relating to federal crimes or to the standards of

6 - OPINION AND ORDER

proof of federal crimes.  In this felony prosecution, only the jury, and not the BOP, is authorized to determine the ultimate issues of fact.

In any event, a number of cases have made clear that "government agents are not party-opponents for purposes of Rule 801(d)(2)."  *See, e.g., United States v. Arroyo*, 406 F.3d 881, 888 (7th Cir. 2005).  *See also United States v. Booker*, 375 F. App'x 225, 230-31 (("There is no authority for the proposition that the prosecution is a 'party' against whom [Rule 801(d)(2)] evidence can be offered."); *United States v. Kapp*, 781 F.2d 1008, 1014 (3d Cir. 1986)(same); *United States v. Prevatte*, 16 F.3d 767, 779 n.9 (7th Cir. 1994)("Because the agents of the Government are supposedly disinterested in the outcome of a trial and are traditionally unable to bind the sovereign, their statements seem less the product of the adversary process and hence less appropriately described as admissions of a party.").

The Court adopts the analysis in these well-reasoned opinions and, therefore, concludes the BOP disciplinary records and other internal administrative documents that reflect the characterizations made and conclusions drawn by BOP personnel in charging Defendant and Vickers with Fighting With Another Person in violation of BOP regulations are not admissible as admissions

7 - OPINION AND ORDER

of a party opponent under Federal Rule of Evidence 801(d)(2)(D).[2]

Accordingly, the Court grants the government's Motions in Limine to the extent they seek an order excluding the BOP disciplinary records and other internal administrative documents that reflect the characterizations made and conclusions drawn by BOP personnel in charging Defendant and Vickers with Fighting With Another Person in violation of BOP regulations on the ground that they are not admissions of a party opponent.

## CONCLUSION

For these reasons, the Court **GRANTS** the government's Motions (#28) in Limine as previously stated on the record and to the extent the government seeks an order excluding the BOP disciplinary records and other internal administrative documents that reflect the characterizations made and conclusions drawn by BOP personnel in charging Defendant and Vickers with Fighting With Another Person in violation of BOP regulations on the ground

---

[2] The Court also adheres to its analysis stated on the record at the hearing that the ultimate conclusions of BOP personnel made for administrative disciplinary purposes are not relevant under Rule 401 to any identified issue in the case, and, in any event, the risk of unfair prejudice from their admission substantially outweighs any marginal relevance under Rule 403.

that they are not admissions of a party opponent.

IT IS SO ORDERED.

DATED this 5th day of December, 2011.

/s/ Anna J. Brown

ANNA J. BROWN
United States District Judge