IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, | 3:11-CR-00026-BR |
| Plaintiff, | |
| | OPINION AND ORDER |
| v. | |
| TOMMY LEE VASQUEZ, | |
| Defendant. | |

S. AMANDA MARSHALL
United States Attorney
**RYAN W. BOUNDS**
**JOHNATHAN S. HAUB**
Assistant United States Attorney
1000 S.W. Third Ave., Ste 600
Portland, OR 97204
(503) 727-1000

    Attorneys for Plaintiff

1 - OPINION AND ORDER

**STEVEN T. WAX**
Federal Public Defender
**C. RENEE MANES**
Assistant Federal Defender
101 S.W. Main Street
Suite 1700
Portland, OR  97201
(503) 326-2123

      Attorneys for Defendant

**BROWN, Judge.**

On May 24, 2012, the United States Probation Office provided the Court with the Presentence Report (PSR) in this matter. Defendant Tommy Lee Vasquez raised a number of objections to provisions in the PSR.

In light of Defendant's objections to the PSR and based on the evidence adduced at trial and in the pre-trial evidentiary hearings, the Court finds the following facts by a preponderance of the evidence for purposes of describing in the PSR Defendant's conduct that led to his conviction for Assault Resulting in Serious Bodily Injury in violation of 18 U.S.C. § 113(a)(6):

> On November 21, 2010, approximately three weeks after Defendant Tommy Vasquez began to serve a lengthy prison sentence at the Federal Correctional Institution (FCI) in Sheridan, Oregon, he became involved in an escalating verbal exchange initiated by another inmate, Theodore Vickers, and observed by several other inmates in the same housing unit. At the beginning of the exchange, Vickers was on the upper tier and Defendant Vasquez was seated on the lower level at a table playing cards with inmate Adolph Spears. Although both Vickers and Defendant Vasquez mutually exchanged insults, Vickers also threatened physical harm to Vasquez. After the verbal exchange, another inmate told Defendant Vasquez he needed to "take care of

2 - OPINION AND ORDER

business" - that is, to address the fact Vickers insulted and threatened him in front of other inmates. Likewise, someone told Vickers that Defendant Vasquez was waiting for him in the "Paisa" (Hispanic) television viewing room. By the time Vickers approached the television room, chairs had been moved out of the way as if to prepare it for a fight. When Vickers came to the door, Defendant Vasquez (who was inside the room alone) either lunged at Vickers or swung something at him which caused Vickers to step back from the doorway. Defendant Vasquez then pulled Vickers leg and the two began to fight, moving from outside of the television room to the inside. As the two continued the fight alone inside the television room, inmates observing nearby closed the door to the room. The two continued to fight until Defendant Vasquez, who was on one knee, used a "wrestling maneuver" to lift Vickers over Vasquez's shoulder and to throw Vickers forcefully head-first against the concrete floor causing Vickers "serious bodily injury" to his head. Vickers did not continue to fight. Defendant Vasquez left the television room.

In addition, for the reasons previously stated on the record, the Court concludes all of Defendant's arguments regarding the Bureau of Prisons (BOP) disciplinary proceedings and the contention that BOP personnel may have been able to prevent or to contain the fight between Defendant and inmate Vickers are irrelevant for purposes of inclusion in the PSR.

Accordingly, the Court **DIRECTS** the United States Probation Office to make the following changes to the PSR:

1. Delete paragraph 5 and replace it with the Court's findings of fact set out above.

2. Delete paragraph 6 and replace it with the following:

    Responding officers discovered Vickers inside of the television room, non-responsive, and lying on his back. Defendant Vasquez, who was contained in

3 - OPINION AND ORDER

        his cell, did not appear to be injured.

3. Delete paragraph 8.

4. Delete paragraph 9 and replace it with the following:

    Defendant Vasquez and Vickers each received administrative sanctions from the Bureau of Prisons.

IT IS SO ORDERED

DATED this 6th day of June, 2012.

                                        */s/ Anna J. Brown*
                                ANNA J. BROWN
                                United States District Judge

4 - OPINION AND ORDER